IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PERSONNE ELRICO MCGHEE,

    Petitioner,

v.                                                      Civil no. 5:05-cv-23
                                                        Crim no. 5:93-cr-46
                                                        (Judge Stamp)

UNITED STATES OF AMERICA,

    Respondent.

## REPORT AND RECOMMENDATION

On September 3, 2004, the *pro se* petitioner, Personne Elrico McGhee, filed a motion for relief from judgment pursuant to Rule 60(b). In the motion, the petitioner requests the court consider the effect of Blakely v. Washington, 524 U.S. 296 (2004) on his federal sentence.[1] On October 5, 2004, the Honorable, Frederick P. Stamp, Jr., United States District Judge, notified petitioner that the Court intended to recharacterize his motion as one filed pursuant to 28 U.S.C. § 2255. Accordingly, pursuant to Castro v. United States, 540 U.S. 375 (2003) and United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002), the court warned petitioner of the effects of such recharacterization and advised petitioner as to the requirements of § 2255. See Doc. 114. Additionally, petitioner was given the opportunity to consent to the recharacterization of his

---

[1] Blakely, as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority." The Supreme Court has applied this holding to the federal sentencing guidelines. United States v. Booker, 543 U.S. 220 (2005). In Booker, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. Accordingly, the Court severed the unconstitutional provisions from the Sentence Reform Act, made the guidelines advisory, and established an unreasonableness standard of review for sentences on appeal. Thus, the petitioner's Blakely claim is now a Booker claim.

motion or to proceed as filed. Id. On November 3, 2004, petitioner elected to have his motion converted to a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. See Doc. 115. On February 28, 2005, petitioner's case was recharacterized accordingly.

This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq.

### I. Factual and Procedural History

**A. Conviction and Sentence**

On November 19, 1993, petitioner was convicted by a jury in the United States District Court for the Northern District of West Virginia of: Count One, "crack" cocaine conspiracy; Count Two, use of a firearm in relation to a drug trafficking offense; Count Three, use of a person under 18 to distribute "crack" cocaine; Count Four, distribution of "crack" cocaine within 1,000 feet of a school; and Count Five, distribution of "crack" cocaine within 1,000 feet of a playground.[2] Petitioner was sentenced January 24, 1994, to life on Counts One, Three, Four and Five and five years consecutively on Count Two.

**B. Appeal**

Petitioner filed a direct appeal of his conviction and sentence on January 31, 1994. The Fourth Circuit Court of Appeals affirmed the petitioner's conviction and sentence on or about January 20, 1994.

---

[2] Petitioners' criminal proceedings took place well before this Court was equipped with computers and electronic filing and the majority of petitioners' criminal proceedings are contained within the old filing books utilized by this court at that time. Therefore, for the convenience of parties, the undersigned requested the Clerk make the "hard docket" available for viewing on the court's CM/ECF system. The Clerk has done so and a record of petitioners' criminal proceedings can be viewed at docket number 116 in petitioners' criminal case number 5:93-cr-46.

2

## C. Other Post Conviction Proceedings

On August 15, 1996, petitioner filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). In that motion, petitioner asserted that the1994 Amendment to section 2D1.1(c) of the Federal Sentencing Guidelines ["Amendment 505"] should be applied to his sentence retroactively,[3] and that 21 U.S.C. §§ 860 and 861are unconstitutional exercises of congressional power because they do not effect interstate commerce.

On October 29, 1996, I reviewed petitioners' motion for reduction of sentence and recommended that the motion be denied because lowering petitioners' base offense level would not result in a sentence reduction,[4] and because petitioners' challenge to the constitutionality of §§ 860 and 861 was foreclosed by the Fourth Circuit's decision in United States v. Leshuk, 65 F.3d 1105 (4th Cir. 1995). Despite petitioners' objections, my report and recommendation was affirmed and adopted by the District Judge and the petitioner's August 15, 1996, motion for a reduction of sentence was denied.

## D. Federal Habeas Corpus

The petitioner asserts that he was never sentenced upon facts either knowingly admitted or reflected in a jury verdict. Therefore, pursuant to Blakely, now Booker, his sentence violates his Sixth Amendment right to a jury trial. Accordingly, petitioner requests that his sentence be

---

[3] Amendment 505 set the upper limit of the Drug Quantity Table at 38. At sentencing, petitioners' base offense level was found to be 39. Therefore, petitioner requested the court lower his base offense level to 38.

[4] Petitioners' base offense level was 39. With a two-level upward adjustment for obstruction of justice, and a four-level upward adjustment for being an organizer and leader of a criminal activity, petitioners' total offense level was 44, well into the range of a mandatory life sentence. Dropping petitioners' base offense level to a 38 resulted in a total offense level of 43, still in the range of a mandatory life sentence.

3

reviewed.

## II. Analysis

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[5] or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The undersigned recognizes that pursuant to United States v. Sosa, 364 F.3d 507 (4th Cir. 2004) and Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) notice must be given to the petitioner that the Court intends to dismiss the motion as being untimely unless the petitioner can demonstrate that the motion is timely. However, "Hill leaves open the possibility that district courts could dispense with notice if it is 'indisputably clear' that the motion is untimely and cannot be salvaged through tolling." Sosa, supra at 511.

Here, the petition is clearly untimely under subsection 1. Petitioner was sentenced on

---

[5] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, ____ U.S. ____, 125 S.Ct. 2478 (2005).

4

January 24, 1994. Petitioner filed an appeal of his conviction and sentence on January 31, 1994. Petitioner's conviction and sentence were affirmed on appeal on January 20, 1995. The record does not suggest that petitioner filed a petition for writ of certiorari with the United States Supreme Court. Thus, petitioner's sentence became final when the time for doing so -- 90 days -- elapsed, or April 20, 1994. See Clay v. United States, 537 U.S. 522 (2003); see also United States v. Sosa, supra. Because a prisoner whose conviction is final prior to the effective date of the AEDPA has until April 23, 1997 to file a timely § 2255 motion, see Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998), the instant petition, originally filed on September 3, 2004, more than *seven years* after the expiration of the statute of limitations, is clearly untimely.

It appears that petitioner's only available argument then lies in subsection 3 because he filed his motion within one-year from the Supreme Court's decision in Blakely.[6] However, that argument is unavailing. The Fourth Circuit has found that Booker is not retroactively applicable to cases on collateral review. See United States v. Morris, 429 F.3d 65 (2005). Thus, petitioners' Blakely/Booker claim does not save his § 2255 motion and the petition should be dismissed as untimely.

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion and **DISMISSING** the case with prejudice.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the

---

[6] There is no evidence that the Government created an impediment to petitioner filing a timely § 2255 motion or that petitioner's motion is based on new facts. Thus, subsections 2 and 4 of § 2255 are not applicable to this case and will not be addressed in more detail.

Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner and any counsel of record.

DATED: May 3, 2006.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE