IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PERSONNE ELRICO McGHEE,

    Petitioner,

v.                                    Civil Action No. 5:05CV23
                                    (Criminal Action No. 5:93R46)
UNITED STATES OF AMERICA,                      (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT
AND RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

On September 3, 2004, the petitioner, Personne Elrico McGhee, appearing pro se, filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). On October 5, 2004, this Court notified the petitioner that this Court intended to recharacterize his motion as one filed pursuant to 28 U.S.C. § 2255. The petitioner was given the opportunity to consent to the recharacterization of his motion or to proceed as filed. On November 3, 2004, the petitioner elected to have his motion converted to a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody. Pursuant to the petitioner's election, the petitioner's case was recharacterized as a motion under § 2255 on February 28, 2005.

This Court referred the motion to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B).

On May 3, 2006, Magistrate Judge Seibert entered a report recommending that the § 2255 petition be denied and dismissed with prejudice. The magistrate judge also informed the parties that if they objected to any portion of this report, they must file written objections within ten days after being served with copies of this report. To date, the petitioner has not filed objections.

Pursuant to 28 U.S.C. § 636(b)(1), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II. Discussion

In his complaint, the petitioner contends that he was sentenced upon facts which were neither "knowingly" admitted nor reflected in the jury verdict. The petitioner asserts that pursuant to Blakely and Booker, his sentence violates his Sixth Amendment right to a jury trial. Blakely v. Washington, 124 S. Ct. 2531 (2004); United States v. Booker, 125 S. Ct. 738 (2005). Thus,

2

the petitioner requests that this Court review his sentence under Blakely and Booker.  Id.

First, the magistrate judge noted that pursuant to United States v. Sosa, 364 F.3d 507 (4th Cir. 2004), and Hill v. Braxton, 227 F.3d 701 (4th Cir. 2002), notice must be given to the petitioner that the Court intends to dismiss the motion as being untimely unless the petitioner demonstrates that the motion is timely.  However, "Hill leaves open the possibility that district courts could dispense with notice if it is 'indisputably clear' that the motion is untimely and cannot be salvaged through tolling."  Sosa, 364 F.3d at 507.

Under to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year limitation period to file any federal habeas corpus motion.  28 U.S.C. § 2255.  The magistrate judge correctly applied the statue of limitations period to the present case and found that the petitioner does not meet any of the four limitation periods.

Pursuant to 28 U.S.C. § 2255, the limitation period to file shall run from the last of:

> 1.   the date on which the judgment of conviction becomes final;
>
> 2.   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> 3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> 4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, the magistrate judge found that the petition is clearly untimely under the first subsection. The petitioner was sentenced on January 24, 1994. The petitioner filed an appeal of his conviction and sentence on January 31, 1994. The Fourth Circuit affirmed the petitioner's conviction and sentence on January 20, 1995. The petitioner had ninety days to file a petition for writ of certiorari. Then, after ninety days, the petitioner's sentence became final on April 20, 1994. See Clay v. United States, 537 U.S. 522 (2003). Because the petitioner's conviction became final prior to the effective date of the AEDPA, the petitioner had until April 23, 1997 to timely file a habeas corpus motion. See Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998)(a prisoner whose conviction is final prior to the effective date of the AEDPA has until April 23, 1997 to file a timely § 2255 motion). The instant petition, originally filed on September 3, 2004, was filed seven years after the expiration of the statute of limitations. Thus, the instant petition is clearly untimely.

This Court finds that the second subsection is not applicable because the petitioner has not alleged that the government's actions impeded or prevented the petitioner from filing a timely habeas corpus motion. Further, the magistrate judge correctly found that the third subsection does not apply because <u>Booker,</u> 125 S. Ct. at 738, is not retroactively applicable to cases on collateral review. <u>United States v. Morris</u>, 429 F.3d 65 (4th Cir. 2005). Finally, the petitioner does not have a claim under the fourth subsection because there has not been any newly discovered facts supporting the petitioner's claim. Accordingly, under the AEDPA, the petitioner's claim lacks merit and should be dismissed as untimely.

### III. <u>Conclusion</u>

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's § 2255 motion is DENIED and this civil action is hereby DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Moreover, under <u>Wright v. Collins</u>, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to the petitioner and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    January 9, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE